# CHARLESTON

CALABRIA *et al* v. COHEN *et als.*

Submitted February 24, 1915.    Decided March 9, 1915.

1. TAXATION—*Tax Sale—Survey—Compliance With Statute.*

   Properly construed section 17, of chapter 31, serial section 1075, Code 1913, does not require the purchaser at a tax sale of an undivided interest in a city, town or village lot, as a condition precedent to obtaining from the clerk of the county court a valid deed for such interest, to have such interest therein or the whole lot, surveyed and a plat thereof made by and returned with the report of the surveyor, and recorded along with the deed. In such cases a report by the surveyor showing and specifying the metes and bounds of the whole lot, for the purpose of description, made and recorded along with the deed to the purchaser will ·constitute substantial compliance with the statute. *Building & Loan Association* v. *Sohn*, 54 W. Va. 101, point 3 of the syllabus, modified and distinguished. (p. 772).

2. SAME—*Tax Sale—Purchaser—Rights—Improvements—Question for Court.*

   The fact that valuable improvements have been placed upon such lot between the date of the tax sale and the deed to the purchaser, by purchasers from the former owner, ignorant of such tax sale, will not be ground for invalidating the tax deed for such undivided interest. All questions respecting such improvements are properly addressed to the court in a suit for partition or settlement between the co-owners of such lot. (p. 774).

Appeal from Circuit Court, Monongalia County.

Suit by Pasquale Calabria and others against Nathan J. Cohen and others. From decree for plaintiffs, defendants appeal.

*Reversed, and bill dismissed.*

*Moreland & Guy* and *Wm. S. John,* for appellants.

*Frank P. Corbin,* for appellees.

MILLER, JUDGE:

The decree appealed from, of November 26, 1913, cancelled, annulled and set aside as without effect, and as a cloud on plaintiffs' title, a certain tax deed, dated January 11, 1912,

from John M. Gregg, clerk of the county court of Monongalia County, to defendant Nathan J. Cohen, for a one-half undivided interest in Lot 1, Block A, South Sabraton, Morgan District, in said county, and likewise, also, a certain other deed, dated August 18, 1912, from said Cohen and wife to Louis Schochet, purporting to convey the same undivided interest in said lot, but upon condition of payment into court by plaintiffs to the use of said Cohen or his assignees, $23.70, being the amount, including interest as fixed by statute, paid out and expended by said Cohen in his endeavor to perfect his title to said undivided interest in said lot, and which sum the decree recites was in fact paid into court by plaintiffs.

Plaintiffs Pasquale Calabria and Mary Casucia Calabria obtained title to said lot by deed from Ande Sabo, dated January 3, 1911, who purchased the same from George C. Sturgiss, by deed dated June 1, 1907, the coal and mining rights being reserved in each of said deeds. The lot was taxed to Sabo for the year 1908, and for the non-payment of the taxes thereon for that year the lot was returned delinquent, and at a sale of delinquent lands on December 14, 1910, a one-half undivided interest therein was sold by the sheriff and purchased by defendant Cohen, and following which sale, as previously stated, Sabo, on January 3, 1911, conveyed the lot to plaintiffs.

The relief sought by the bill and granted by the decree complained of, is predicated on the theory that Cohen, prior to obtaining his deed from the county clerk, failed, as required by section 17, chapter 31, Code 1913, and as a condition precedent to any right thereto, or to any authority of the county clerk to make and execute such deed, and as interpreted by this court in *Building & Loan Association* v. *Sohn,* 54 W. Va. 101, syl. point 3, to "have the quantity or undivided interest so purchased, surveyed and laid off at his or their expense" &c., and as further required by said section, to have "a plat and a description thereof  *  *  *  * returned to the clerk of the county court of the county in which the sale was made, and  *  *  *  * " recorded "in the deed book along with the deed to the purchaser", and that therefore the tax deed and the subsequent deed were properly voided and cancelled by the decree now under review.

The opinion in *Building & Loan Association* v. *Sohn,* pointed out and endeavored to harmonize the numerous inconsistencies in the several sections of said chapter 31 of the Code, and point 3 of the syllabus, relied on, does say: "In such case," where the purchase is of an undivided interest in a town or village lot "the purchaser must cause a survey and report to be made by the county surveyor, before obtaining a deed; but the provision of section 17 of chapter 31 of the Code, requiring division of the land, is not applicable. It applies only to purchasers of separate quantities or parts of tracts of land, other than city, village or town lots."

And, it was said, arguendo, in that case, with reference to said section 17: "A part of a tract may be laid off according to the mode prescribed by section 17. A town lot in which an undivided interest has been purchased may be surveyed and a report made, giving a description of the whole lot to be followed by the deed. Thus, in either case, the surveyor may perform a function without going to the extreme of making a partition, and it must be held that this is the meaning of that statute, and that the legislature intended no more than that." And there are other expressions in the opinion, by way of argument, giving color to the interpretation thereof contended for by plaintiffs.

But it is apparent from the record and opinion in that case, that the question which the court was called upon to decide and intended to decide was whether, when an undivided interest in a city, town or village lot is sold, said section 17 requires the purchaser, as a condition of obtaining his deed, to have the lot partitioned as in case of a tract of land, and according to the literal terms of that section. This was the real question presented by the pleadings and proofs in that case. No question was made as to want of a survey, plat and report. Presumptively there was such survey and report by the surveyor. At all events, as in this case, there was a report, and according to that report in that case it would seem the surveyor was on the ground and made a survey at least. So that everything that was said in that case must be interpreted with reference to and limited by the question presented for decision. Of course no objection could be made to a survey, plat and report. But to interpret the point of the

syllabus and the opinion as requiring a survey, plat and
report where the sale is of an undivided interest in a city,
town or village lot, as a condition to the validity of a deed to
the purchaser, would be beyond and outside the question
presented for decision, and which was decided or intended to
be decided, and it ought not to avail so as to engraft upon
the statute other inconsistencies not involved in its terms. As
that case holds, though the literal term of the statute would
seem to require it, no notice of a town lot could have been
intended, so we think, the legislature could not have intended
the absurd thing of requiring a survey and plat of such lot
simply for the purpose of description, when by the following
section 18, the statute, though requiring a "report *or*
survey", when a tract of land is sold, in terms provides that
when the "purchase be of an entire city, village or town lot,
no survey or report thereof need be made." It would be most
absurd to require a survey and report in the first instance and
not in the latter. The statute ought not to be given any such
absurd interpretation. Wherefore we think the language of
section 17, requiring a survey and a plat and description to
be filed with the clerk, should be limited to that class of sales
to which it is properly applicable, namely, to parts or un-
divided interests in tracts of land, requiring survey and parti-
tion, as a prerequisite to a deed to the purchaser, and that it
should not be extended to a city, town or village lot, which
cannot be laid off or partitioned by the surveyor, ex parte.
By no other interpretation can the whole chapter relating to
the subject be harmonized and its different sections rendered
consistent with each other. *Building & Loan Association* v.
*Sohn,* in so far as it may be regarded as involving a different
construction of the statute, should be modified and limited, by
the views of the statute herein expressed.

But it is contended that the decree should be affirmed be-
cause the deed by its terms carries to the grantee not only an
undivided interest in the lot but also in valuable improve-
ments placed thereon by plaintiff between the date of the tax
sale, and the deed to the purchaser, contrary to the plain
intent of the statute, and contrary to equity and good con-
science. We do not think this proposition presents any valid
ground for overthrowing the deeds. In the case of sales of

parts or undivided interests in a 'tract of land, section 17 requires the surveyor to lay off the part or interest of the purchaser so as not to include the improvements, if it can be avoided. The question presented will properly be addressed to the chancellor in a suit for partition when such suit shall be brought, and we would suppose that the spirit and intent of the statute, and the rules relating to improvements by a cotenant, ought to be observed and enforced in any accounting or in the partition of a city, town or village lot, and so as not to work injustice to the former owner, and particularly so, where as in this case the improvements were placed upon the property by innocent purchasers, between the dates of sale and deed to the purchaser. But this question is not presented for decision, and we must not be understood as deciding it, or as concluding the parties hereby, when the question may be properly presented for actual decision thereof.

These views require a reversal of the decree, and a decree. here denying plaintiffs relief, and dismissal of the bill.

*Reversed, and bill dismissed..*